UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02687 PA (MAAx)<br>CV 25-02689 PA (MAAx) | Date | March 18, 2026 |
|---|---|---|---|
| Title | Arege Farra v. Ernesto Santacruz Jr., et al.<br>Besan Farra v. Ernesto Santacruz Jr., et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**          IN CHAMBERS – COURT ORDER

Before the Court are the Orders to Show Cause Regarding Preliminary Injunction issued by the Court on December 15, 2025.  (Docket No. 11 (CV 25-2687 PA) and Docket No. 12 (CV 25-2689 PA)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearings calendared for March 23, 2026 are vacated, and the matters taken off calendar.[1]

On December 15, 2025, the Court issued  Temporary Restraining Orders and Orders to Show Cause as to Why a Preliminary Injunction Should Not Issue ("TROs") (Docket No. 11 (CV 25-2687 PA) and Docket No. 12 (CV 25-2689 PA).  Petitioners Arege Farra and Besan Farra (jointly "Petitioners") are subject to Orders of Supervision enforced by U.S. Immigration and Customs Enforcement ("ICE"), and their TRO Applications sought orders prohibiting respondents Ernesto Santacruz Jr., Acting Field Office Director of Los Angeles Office of Detention and Removal; ICE; U.S. Department of Homeland Security ("DHS"); Jennifer Herrera, Assistant Field Office Director of ICE in Santa Ana, California; Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of DHS; and Pam Bondi, Attorney General of the United States (collectively "Respondents") from re-incarcerating Petitioners unless and until they were afforded a hearing before a neutral decision maker as to the lawfulness of their incarceration.[2]

---

[1]     Petitioners' Motions to Appear Remotely at the hearings are thus denied as moot. (Docket No. 16 (CV 25-2687 PA) and Docket No. 17 (CV 25-2689 PA).)

[2]     Petitioners are a mother and her adult daughter who have filed two separate habeas petitions in two different actions:  Arege Farra v. Ernesto Santacruz Jr., et al., CV 25-2687 PA (MAAx) (mother) and Besan Farra v. Ernesto Santacruz Jr., et al., CV 25-2689 PA (MAAx) (daughter).  Because the Petitions and Orders to Show Cause regardingPreliminary Injunction present the same issues. the Court issues this same ruling in both cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02687 PA (MAAx)<br>CV 25-02689 PA (MAAx) | Date | March 18, 2026 |
|---|---|---|---|
| Title | Arege Farra v. Ernesto Santacruz Jr., et al.<br>Besan Farra v. Ernesto Santacruz Jr., et al. | | |

The Court's TROs enjoined Respondents from arresting, detaining, or removing Petitioners without notice and without a hearing and ordered Respondents to show cause, in writing, on or before December 19, 2025 as to why the Court should not issue a preliminary injunction in this case. (Id.) On December 17, 2025, the Court signed the parties' stipulation extending the TROs until the hearing date on the Orders to Show Cause, and requiring that Respondents file their Opposition by no later than February 2, 2025, and that Petitioners file a reply brief by no later than March 2, 2026. (Docket No. 13 (CV 25-2687 PA) and Docket No. 14 (CV 25-2689 PA).) Respondents did not file an Opposition to the Order to Show Cause. Petitioners filed their reply brief on March 2, 2026, and a Notice of Recent Decision on March 16, 2026. (Docket Nos. 14, 15 (CV 25-2687 PA) and Docket Nos. 15, 16 (CV 25-2689 PA)).

Petitioners seek the same relief as requested in their TRO Applications – an order enjoining Respondents from re-detaining them unless and until they are afforded a hearing before a neutral adjudicator. Petitioners also request that the Court order that at that hearing, Respondents would bear the burden of demonstrating by clear and convincing evidence that circumstances have materially changed such that Petitioners are a danger or a flight risk and that their deportation is reasonably foreseeable. The Court previously declined to identify the burden of proof or the factors a neutral adjudicator should consider at any hearing, concluding that at the TRO stage, a pre-detention hearing, for which Petitioners have notice and are represented by counsel, provided adequate protection of Petitioners' due process rights. The Court noted that the parties were free to address whether more specific requirements and guidance are necessary in their briefing on the Order to Show Cause regarding a Preliminary Injunction. (Docket No. 11 (CV 25-2687 PA) and Docket No. 12 (CV 25-2689 PA).)

As an initial matter, having considered Petitioners' arguments for preliminary relief, and in light of Respondents' lack of any arguments against granting the relief sought by Petitioner, the Court sees no reason to depart from its previous analysis of the factors for issuing injunctive relief. See Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Moreover, numerous other courts have recognized that these factors weigh in favor of preliminary injunctive relief. Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody") (collecting cases); see also Meneses v. Santacruz, No. 2:25-CV-11206 MCS (PVC), 2025 WL 3481771, *4 (C.D. Cal. Dec. 2, 2025) (a noncitizen's protected liberty interest in remaining out of custody requires notice and an opportunity to be heard before a neutral adjudicator prior to re-detention). The Court thus concludes that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-02687 PA (MAAx) <br> CV 25-02689 PA (MAAx) | Date | March 18, 2026 |
|---|---|---|---|
| Title | Arege Farra v. Ernesto Santacruz Jr., et al. <br> Besan Farra v. Ernesto Santacruz Jr., et al. | | |

Petitioners are entitled to a Preliminary Injunction requiring notice and a hearing before a neutral adjudicator prior to any re-detention.

The sole remaining issue is whether Petitioners have shown that they are entitled to an order requiring that at any such pre-deprivation hearing, it would be the government's burden to show by clear and convincing evidence that there was a material change in circumstances warranting detention or that either the Magistrate Judge or this Court be the neutral adjudicator for any pre-detention bond hearing. Based on the record before it, the Court declines Petitioners' request for such relief. Absent a showing that Petitioners would be deprived of the procedural safeguards to which they are entitled if they are subject to a pre-detention bond hearing, the Court will not instruct the immigration court on how to conduct its proceedings. The Court concludes that Petitioners have not demonstrated that, at this time, this relief is necessary to safeguard their due process rights.

## Conclusion

For the foregoing reasons, the Preliminary Injunctions are granted. The Court orders that:

1.    Respondents are enjoined and restrained from arresting, detaining, or removing Petitioners without notice and without a hearing before a neutral adjudicator to determine whether there are materially changed circumstances showing that Petitioners are a danger to the community or a flight risk, or that there is a significant likelihood that Petitioners may be deported in the reasonably foreseeable future;

2.    This Preliminary Injunction shall take effect immediately and shall remain in effect pending resolution of the merits of the case or further order of this Court.

3.    The Court exercises its discretion to waive the requirement to post bond.

Any further proceedings on the merits on the Petitions, including the issue of whether the Petitions are now moot, are referred to the assigned Magistrate Judge for resolution. Petitioners' motion to appear remotely at the hearing on March 23 is denied as moot. (Docket No. 16).

IT IS SO ORDERED.